**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

**CASE NO. 4:19CR00198-005MGL**

**THE UNITED STATES OF AMERICA**

**VS.**

**FRANKLIN DEWAYNE HAMILTON,**

**DEFENDANT**

**<u>MOTION FOR VARIANCE & SENTENCING MEMORANDUM</u>**

**YOU WILL PLEASE TAKE NOTICE** that the Defendant, through undersigned counsel, will move before this Court, at such time as the Court schedules the Defendant's sentencing, for a variance.

**I.**

**<u>PROCEDURAL HISTORY</u>**

Frank Dewayne Hamilton pled guilty to Count One of the Indictment alleging violation of Title 21 U.S.C. §841(a)(1), 841(b)(1)(B), and 846 on November 5, 2019.

The case involved a drug charge that led to the Indictment of Hamilton and ten (10) other individuals.

The Defendant was arrested on March 11, 2019 and has been detained since that time, soon after Counsel was appointed. Frank Dewayne Hamilton signed a Plea Agreement and Counsel for the Defendant argues that a sentencing variance below the guideline range would result in justice

1

being served under the USSG Scheme. Pursuant to his guilty plea, a presentence investigation report was prepared placing Defendant in an Offense Level 27 and Criminal History Category IV. Defendant has made no objections to the Presentence Report.

## II.

### TITLE 18 U.S.C. § 3553(a) REQUIRES THAT A SENTENCE BE IMPOSED THAT IS NO GREATER THAN NECESSARY TO ACHIEVE THE PURPOSE OF SENTENCING

As a result of the Supreme Court's decision in Booker, the sentencing guidelines are now "effectively advisory". U.S. v. Booker, 543 U.S. 220 (2005). The result is that a district court must now "consider ranges," but may "tailor the sentencing in light of the other statutory concerns as well." Id. at 245-246

The Fourth Circuit Court of Appeals has already addressed this issue. According to U.S. v. Hughes, the U.S. Sentencing Guidelines are no longer mandatory. United States v. Hughes, 396 F.3d 374 (2005). Post Hughes, the discretion of a sentencing court is no longer bound by the range of prescribed by the United States Sentencing Guidelines. While the guidelines are still crucial at sentencing, they are now one of several components that should be weighed in calculating a sentence. "A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the Guidelines. Then, the court shall consider the range as well as other "relevant factors" set forth in the Guidelines and those factors set forth in Title 18 U.S.C.S. § 3553(a), before imposing the sentence." Id. at 378. The District Court can step outside the guideline range at any point, so long as it is reasonable to so. The Supreme Court has mandated that appellate courts shall affirm the sentence imposed as long as it is within the statutorily prescribed range and reasonable.

While a sentence within the guideline range is presumptively valid, a sentence outside the range is not automatically unreasonable, U.S. v. Green, 436 F.3d 449 (4th Cir. 2006). A sentence that falls outside the guideline range however, must be accompanied by a statement of reasons, and the sentence must be reached by a "reasoned process in accordance with the law in which the court did not give excessive weight to any relevant factor, and which affected a fair and just result in the light of the relevant facts and law" Id. at 457.

Title 18 U.S.C. § 3553(a) mandates the District Court to impose a sentence that is sufficient but not greater than necessary. This mandate is necessary in light of §3553(a)(2) which lays out the four purposes of sentencing: (a) retribution (to reflect the seriousness of the offense, to promote respect for the law, to provide "just punishment"); (b) deterrence; (c) incapacitation (to protect the public from future crime); and, (d) rehabilitation "to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

The sufficient but not greater than necessary requirement is often recognized as the "parsimony provision." U.S. v. Santoya, 4396 F.2d 1075 (E.D. Wis., Feb 6, 2007). It is not just another factor to be considered as set forth in § 3553(a), it is an independent upper limit on the sentence a court may impose. Courts have used several factors in order to follow this provision. They are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentences available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and, (5) the need to provide restitution where applicable. (18 U.S.C. § 3553(a)(1)(a)(3)-(7)) Based on the Statute, as well as case law, these

3

factors appear to be set on equal footing, with no single one being of greater importance than another. However, it does seem certain that these factors are meant to aid the court in achieving the overall goal of imposing a sentence that is not greater than necessary to comply with the four purposes of sentencing. Imposing a sentence greater than necessary to meet the purpose of § 3553(a) is reversible, even if within the guideline range. U.S. v. Ferguson, 456 F3.d 660 (6th Cir. 2006); U.S. v. Jimenez-Beltra, 440 F.3d 514 (1st Cir.2006).

### III.

### **VARIANCE**

A variance below the guideline range would satisfy the purposes of §3553(a) and serve the interests of justice.

"Generally, if the reasons justifying the variance are tied to Section 3553(s) and are plausible, the sentence will be deemed reasonable." United States v. McClung, 483 F.3d 273, 277 (4th Cir. 2006). Moreover, a sentence greater than necessary to achieve the goals of §3553(a) is unreasonable. See 18 U.S.C. §3553(a); see also United States v. Shortt, 485 F.3d 243, 248 (4th Cir. 2007). As the United States Supreme Court has recently reiterated, "the punishment should fit the offender and not merely the crime." Pepper v. United States, 131 S. Ct. 1229, 1240 (2011) (quoting Williams v. People of State of New York, 337 U.S. 241, 247 (1949)).

Mr. Hamilton began using drugs and alcohol at an early age and would most likely benefit from professional substance abuse counseling/therapy.

Mr. Hamilton did not request a Detention Hearing and is housed in the Williamsburg County Jail. Therefore, he respectfully requests the Court to consider the information contained

4

in his Memorandum and Variance Motions when determining whether to grant a variance in this case.

The PSR did not classify Mr. Hamilton as a leader, manager or organizer in this conspiracy. For all of these reasons, a variance in this case would still allow for a sentence that is "sufficient, but not greater than necessary" to promote to respect for the law, provide just punishment for the offense and serve as an adequate deterrence to criminal conduct. See 18 U.S.C. §3553(a).

Mr. Hamilton has indicated this term of incarceration has taught him a lesson. He wishes and indicates that he needs substance abuse counseling as he believes that substance abuse contributed to his involvement in this case. Mr. Hamilton was employed from 2016 until September 2018 with Ham Bounce House where he worked full time. Employment ended because Mr. Hamilton was arrested. Mr. Hamilton also worked from 2011 until July 2016 at Myers Repair Shop as a service technician. The employment ended when the owner closed the business in 2016. Mr. Hamilton has twelve children, some of them are still minors. Mr. Hamilton loves his children tremendously and very much wants to get this conviction behind him so that he can be involved in their lives again. He loves his family greatly and has a large amount of support from them. Mr. Hamilton has regularly been involved in the lives of his children and has tried to support them throughout their lives. Mr. Hamilton took responsibility for his actions in this case and pled guilty . Mr. Hamilton also gave a voluntary statement to the government in regards to this case.

## IV.
### DEFENDANT'S CHARACTERISTICS

The Defendant is currently forty- two (42) years of age. Mr. Hamilton has demonstrated remorse for his acts and has assumed responsibility. He gave a voluntary statement early on in this case to the government and accepted responsibility pursuant to his Plea Agreement. The Defendant abided by the terms of his Plea Agreement. Mr. Hamilton is extremely sorry for what he has done and by entering into a plea agreement he has shown remorse, responsibility, and rehabilitation. The Defendant takes full responsibility for his actions in this case. When Mr. Hamilton gets released from incarceration he plans to go back to work, learn a trade, and continue in drug/alcohol rehabilitation. He has no intention of hanging around any bad characters or any drug users/dealers. Mr. Hamilton wants to be a good role model for his children and wants to help them avoid the mistakes he has made while growing up and throughout his life. Mr. Hamilton's father died several years ago and he was raised by his mother. Mr. Hamilton has always had a close relationship with his mother but he did enter foster care at a young age. Mr. Hamilton has also had several siblings die at a young age. Mr. Hamilton has high blood pressure. He also suffers from nerve damage and pain and numbness from a prior accident. The characteristics discussed above are all factors that should be considered in reaching an appropriate sentence. These characteristics demonstrate Mr. Hamilton's positive history and provide reason to believe he can live a constructive productive life.

**V.**

**<u>CONCLUSION</u>**

The district court has broad power in the type of information it may consider at arriving at a proper sentence. <u>U.S. v. Diaz</u>, 195 Fed. Appx. 124; 2006 U.S. App. LEXIS 21341 (2006).

Due to the fact that the guidelines are advisory, this Court should consider various factors to determine what the most appropriate sentence would be. Under § 3553(a) the Court is required to consider those factors set forth in 18 U.S.C. § 3553(a), and a tailor sentence that is no greater than necessary to achieve the purpose of § 3553(a)(2). Therefore, the Defendant prays that the Court inquire into the matters set for the above in addition to that which will be presented at sentencing and impose a fair and just sentence.

                                        Respectfully Submitted,

                                        s/JAMES P. SAVERANCE, JR.
                                        **JAMES P. SAVERANCE, JR.**
                                        SAVERANCE LAW FIRM, LLC
                                        FEDERAL ID NO: 7527
January 3, 2020                        210 N. MAIN STREET
                                        PO DRAWER 610
                                        BISHOPVILLE, SC 29010
                                        PHONE: 803-483-2000
                                        FAX: 803-483-2005
                                        EMAIL: Saverancelaw@ftc-i.net

                                        ATTORNEY FOR DEFENDANT